**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-03164-NYW
(Adversary Proceeding No. 24-01128-KHT)

IN RE STEPHEN MARK BURKHART,

      Debtor.

_____

STEPHEN MARK BURKHART,

      Appellant,

v.

BONNIE BURKHART,

      Appellee.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This action is an appeal from an adversary proceeding in the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court"). *See* [Doc. 13].[1] Appellant Stephen Burkhart ("Appellant" or "Mr. Burkhart")[2] filed a Notice of Appeal and Statement of Election ("Notice of Appeal") appealing the Honorable Kimberley H. Tyson's

_____

[1] Where the Court refers to the filings made in the Electronic Case Files ("ECF") system in this action, it uses the convention [Doc. ___]. When the Court refers to filings made in another action, it uses the convention ECF No. ___. In most instances, the Court refers to the page number as assigned by the ECF system. But due to a filing error, certain pages of Appellant's Appendix have multiple ECF stamps, obscuring the page numbers. *See, e.g.*, [Doc. 13-1 at 5]. Accordingly, the Court will refer to the page number assigned by the PDF reader that should represent the page number assigned by the ECF system.

[2] Although Mr. Burkhart's father, Gerald Burkhart, is referenced in this Order, the terminology of "Mr. Burkhart" refers to Appellant, Stephen Burkhart.

Judgment and Order on Motion for Summary Judgment granting Bonnie Burkhart's ("Appellee" or "Ms. Burkhart") Motion for Summary Judgment in the underlying adversary proceeding.[3]  [Doc. 2, filed November 14, 2024]; *see also* [Doc. 2-1; Doc. 2-2].  Appellant elected to have the appeal heard by the United States District Court for the District of Colorado.  [Doc. 2 at 3].  Appellant served Ms. Burkhart with the Notice of Appeal on November 14, 2024, [*id.* at 10]; filed his Opening Brief and Appendix ("Opening Brief"), [Doc. 13]; and served Ms. Burkhart with the Opening Brief,[4] [Doc. 16].  Ms. Burkhart filed a Statement Regarding Appeal, [Doc. 11], but she did not respond substantively to the Opening Brief, and the time to do so has elapsed, *see* [Doc. 14; Doc. 17]; Fed. R. Bankr. P. 8018(a)(2) (providing that an appellee must serve and file a brief within 30 days after service of the appellant's brief).  Appellant has requested oral argument, [Doc. 5 at 2], but the Court finds that oral argument would not materially assist in the resolution of this matter.

---

[3] Both Parties proceed pro se.  [Doc. 5 at 1; Doc. 11 at 1].  Accordingly, the Court must construe the papers filed by both Parties liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot and will not act as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.

[4] Appellant served Ms. Burkhart with the Notice of Appeal and the Opening Brief and Appendix at an incorrect address that did not match Ms. Burkhart's address in the ECF system.  [Doc. 13 at 28;Doc. 2 at 10]; *see also* [Doc. 15].  On January 21, 2025, Appellee filed a Statement of Pro Se Status, indicating that she did not request oral argument and agreed to electronic service at bonnie.boulder@outlook.com, as is permitted under Tenth Circuit BAP Local Rule 8003-2.  [Doc. 11 at 1].  On March 20, 2025, the Honorable Robert E. Blackburn ordered Appellant to re-serve Ms. Burkhart with his Opening Brief and Appendix at the accurate address.  [Doc. 15 at 2].  Appellant re-served Ms. Burkhart with the Opening Brief and Appendix on April 1, 2025 at the correct address.  [Doc. 16]; *see also* [Doc. 17].

The Court has jurisdiction pursuant to 28 U.S.C. § 158(a).  For the reasons set forth herein, the Court respectfully **AFFIRMS** the Bankruptcy Court's Judgment and Order on Motion for Summary Judgment.

## BACKGROUND

The following facts are drawn from the record submitted to the Court, *see* [Doc. 13-1], and the Court's judicial notice of the related Colorado state court dockets, *see* Fed. R. Evid. 201(b)(2); *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Appellee is the widow of Appellant's father, Gerald Burkhart ("Gerald"), who died in 2018.  [Doc. 13-1 at 6, 64–65].  In August 2020, Mr. Burkhart filed a lawsuit ("2020 Lawsuit") against Ms. Burkhart in the Boulder County District Court ("State Court") alleging that Ms. Burkhart had presented a spurious will after Gerald's death, [*id.* at 7, 35–37 (stating Appellant's arguments regarding Gerald's will), 65], and asserting that under the Separation and Property Settlement Agreement ("Separation Agreement") between Gerald and Mr. Burkhart's mother, Mr. Burkhart was entitled to a one-eighth share of fifty percent of Gerald's entire estate.  *Burkhart v. Burkhart*, No. 21CA1657, 2023 WL 12057228, at *1 (Colo. App. Feb. 23, 2023), *reh'g denied* (Apr. 6, 2023), *cert. denied*, No. 23SC312, 2023 WL 7028038 (Colo. Oct. 23, 2023).

The State Court granted summary judgment in Ms. Burkhart's favor, concluding that Mr. Burkhart's claims against her were unsupported.  [Doc. 13-1 at 7, 65].  Ms. Burkhart moved for attorney's fees, and the State Court granted Ms. Burkhart's motion, finding that Mr. Burkhart's claims "were without merit," "frivolous," and "vexatious," and

awarding $10,779.00 in attorney's fees to Ms. Burkhart to be paid by Mr. Burkhart and his counsel. [*Id*.]. Mr. Burkhart's counsel paid the amount in full. [*Id*. at 7, 66].

Mr. Burkhart, then proceeding pro se, appealed the State Court's entry of summary judgment to the Colorado Court of Appeals, which affirmed the entry of summary judgment and awarded Ms. Burkhart attorney's fees and costs associated with the appeal, concluding that Mr. Burkhart "clearly knew or reasonably should have known that his action . . . was substantially frivolous, substantially groundless, or substantially vexatious." [*Id*. at 7–8, 66]; *see Burkhart*, 2023 WL 12057228, at *6. After the return of the mandate, the State Court awarded an additional $3,497.82 in attorney's fees to Ms. Burkhart ("Appellate Fee Award"), which remains unpaid. [Doc. 13-1 at 66]. During the pendency of the 2020 Lawsuit, Mr. Burkhart sent emails with insults and threats regarding Ms. Burkhart to her and other family members. [*Id*.]; *see also* [*id*. at 10–34].

In March 2024, Mr. Burkhart filed a voluntary Chapter 7 bankruptcy case in the Bankruptcy Court. [Doc. 13 at 12; Doc. 2-1 at 2]. Ms. Burkhart timely filed the underlying adversary proceeding, seeking a determination that Mr. Burkhart's debt to her from the Appellate Fee Award was excepted from his discharge under 11 U.S.C. § 523(a)(6), which provides that a bankruptcy "does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6); [Doc. 13-1 at 6–34]. In his Answer to Ms. Burkhart's Complaint in Objection to Discharge of Debt ("Adversary Proceeding Complaint"), Mr. Burkhart reargued the merits of the 2020 Lawsuit and argued that he was "not liable for any legal fees incurred by [Ms. Burkhart]" in the 2020 Lawsuit. [Doc. 13-1 at 35–37 ("I, Stephen Burkhart, had very good reason to pursue legal action against Bonnie Burkhart,

despite her claims to the contrary.  I intend to show that there was nothing 'without merit, frivolous and vexatious' about my actions.")].

Ms. Burkhart then filed a motion for summary judgment in the adversary proceeding, arguing that she was entitled to summary judgment "as there are no genuine issues of fact that the debt was incurred as the result of [Mr. Burkhart's] willful and malicious injury to [her] and [her] financial interests pursuant to the provisions of 11 U.S.C. [§] 523(a)(6)."  [*Id.* at 64–67].  Mr. Burkhart did not respond to Ms. Burkhart's motion for summary judgment.  [*Id.* at 69].  On November 1, 2024, the Bankruptcy Court granted Ms. Burkhart's motion for summary judgment and entered judgment in favor of Ms. Burkhart, taking the factual allegations from Ms. Burkhart's Adversary Proceeding Complaint as undisputed and relying upon them.  *See* [*id.* at 68–73].

In so doing, the Bankruptcy Court concluded that Mr. Burkhart was a party to the 2020 Lawsuit and that the State Court found that Mr. Burkhart had "filed claims that were without merit, frivolous and vexatious, and Bonnie was harmed, as measured by damages awarded in the form of attorney's fees."  [*Id.* at 72].  It further found that the Colorado Court of Appeals had affirmed the State Court's order and judgment and concluded that Mr. Burkhart clearly knew or reasonably should have known that his action was substantially frivolous, substantially groundless, or substantially vexatious, his appeal lacked substantial justification, and an award of appellate attorney fees and costs were warranted.  [*Id.* at 69].  It reasoned that the "State Court's orders are final judgments on the merits, and [Mr. Burkhart] [had] a full and fair opportunity to litigate the issues involved."  [*Id.* at 72].  Therefore, the Bankruptcy Court concluded that Ms. Burkhart had established each element of collateral estoppel.  [*Id.*].  The Bankruptcy Court further found

that to the extent the State Court's findings were insufficient to support a determination that Mr. Burkhart had acted willfully and with malicious intent, Ms. Burkhart had presented sufficient evidence within the adversary proceeding, and Mr. Burkhart failed to show genuine issues of material fact for trial. [*Id.* at 68–73]; *see also* [Doc. 2-1; Doc. 2-2]. Accordingly, the Bankruptcy Court concluded that all compensatory and ancillary damages awarded by the State Court were excepted from Mr. Burkhart's discharge, and she entered summary judgment in favor of Ms. Burkhart.[5] [Doc. 13-1 at 72, 73].

This appeal followed. In his Opening Brief, Mr. Burkhart raises three issues: (1) whether the Bankruptcy Court erred "when it did not ascertain whether the [m]otion [f]or [s]ummary [j]udgment was supported by sufficient evidence"; (2) whether the Bankruptcy Court erred "when it concluded, without the movant providing actual requisite evidence, that 11 U.S.C. [§] 523(a)(6) applied"; and (3) whether the Bankruptcy Court erred when it applied collateral estoppel.[6] [Doc. 13 at 9–10]. Because this Court finds the issue of collateral estoppel dispositive, it begins and ends there.

---

[5] Although the Bankruptcy Court refers to State Court "order̲s" and "judgment̲s," *see* [Doc. 13-1 at 69, 72 (emphasis added)], Ms. Burkhart only requests that the Appellate Fee Award be excepted from discharge, [*id.* at 66]. The State Court docket also includes an additional Order on Defendant/Creditors Motion for Award of Attorney Fees and Entry of Monetary Judgment entered on December 17, 2024. [Doc. 19-6]. This December 17 attorney fees award was not before the Bankruptcy Court and is not part of this Court's analysis herein.

[6] In Appellant's Statement Regarding Appeal filed on the docket, Mr. Burkhart does not appear to identify any issues and does not include a Statement of the Issues to Be Presented. *See* [Doc. 5]. Appellant's Statement of Issues to Be Presented as filed in the underlying adversary proceeding identifies nine issues. *See* Statement of Issues to Be Presented at 1–3, *In re Burkhart*, 24-01128-KHT (Bankr. D. Colo. Nov. 14, 2024), ECF No. 22-1. In the Opening Brief, Appellant identifies the three issues discussed above, each of which were identified in the Statement of Issues to Be Presented. *See id.* at 6–7; [Doc. 13 at 9–10]. Accordingly, the Court addresses these issues only.

## LEGAL STANDARDS

Under 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the Bankruptcy Court.  This Court reviews the Bankruptcy Court's entry of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all inferences in that party's favor. *See In re C.W. Min. Co.*, 798 F.3d 983, 986 & n. 2 (10th Cir. 2015); *In re Glenn*, No. 23-cv-02767-RMR, 2024 WL 4042956, at *4 (D. Colo. Sept. 4, 2024); *see also Dodge v. Cotter Corp.*, 203 F.3d 1190, 1197 (10th Cir. 2000) (reviewing de novo a district court's grant of summary judgment based on collateral estoppel).  This Court further reviews the Bankruptcy Court's factual findings, including those regarding intent, for clear error.  *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010); *In re Glenn*, 2024 WL 4042956, at *4.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056); *see In re Shore*, 317 B.R. 536, 540 (BAP 10th Cir. 2004).  The burden is on the moving party to establish its entitlement to summary judgment.  *In re Shore*, 317 B.R. at 540.  At summary judgment, courts review the factual record in the light most favorable to the nonmoving party.  *Jenkins v. Wood*, 81 F.3d 988, 991 (10th Cir. 1996).  In addition, by failing to respond to a motion for summary judgment within the timeframe ordered by the Court or set by the Local Rules, the nonmoving party waives the rights to controvert facts properly supported within the summary judgment papers.  *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

**ANALYSIS**

To prevail under § 523(a)(6), a creditor must prove by a preponderance of the evidence that the debt is not dischargeable. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). While a bankruptcy court ultimately determines whether or not a debt is dischargeable under § 523(a), collateral estoppel "may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability" in bankruptcy cases. *In re Wallace*, 840 F.2d 762, 764 (10th Cir. 1988); *see also, e.g.*, *In re Tsamasfyros*, 114 B.R. 721, 723 (D. Colo. 1990), *aff'd*, 940 F.2d 605 (10th Cir. 1991). Collateral estoppel is a common law equitable doctrine that was designed to "relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions." *In re Hauck*, 489 B.R. 208, 213 (D. Colo. 2013) (cleaned up).

The doctrine of collateral estoppel prevents re-litigation of an issue decided in a prior action. *Fulsom Const. Co. Inc. v. U.S. Fid. & Guar. Co.*, No. 04-6087, 2005 WL 2542860, at *3 (10th Cir. Oct. 12, 2005). "When a federal court considers the collateral estoppel effect of a prior state court judgment, the full faith and credit provision of 28 U.S.C. § 1738 requires the federal court to give the state court judgment the same preclusive effect as the state rendering the judgment would give." *In re Riggle*, 389 B.R. 167, 173 (D. Colo. 2007). Under Colorado law, four conditions must be met for collateral estopped to apply:

> (1) [t]he issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) [t]he party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) [t]here was a final judgment on the merits in the prior proceeding; (4) [t]he party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84–85 (Colo. 1999); *In re Dunston*, 146 B.R. 269, 277 (D. Colo. 1992) (stating that the standard used in Colorado mirrors that used in the Tenth Circuit under *In re Wallace*).  Trial courts are granted broad discretion in determining whether collateral estoppel should apply.  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979).

A prior court's award of sanctions or fees based on a debtor's frivolous conduct can serve as a basis to collaterally estop a debtor from litigating issues regarding dischargeability of the award in a subsequent bankruptcy proceeding.  *See, e.g.*, *In re Keaty*, 397 F.3d 264, 274 (5th Cir. 2005) (concluding that an award of sanctions for intentionally pursuing meritless litigation was nondischargeable debt).  However, the doctrine of collateral estoppel will not necessarily always apply in such circumstances. *See, e.g.*, *In re Wrenn*, 791 F.2d 1542, 1543–44 (11th Cir. 1986) (frivolous lawsuit is not necessarily wrongful for purposes of 11 U.S.C. § 523(a)(6)).  In this appeal, the Court focuses its review on the first and fourth elements of the collateral estoppel test, i.e., whether the issue to be precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding and whether Mr. Burkhart had a full and fair opportunity to litigate the issues in the prior proceeding.[7]

***Identical Issues.***  Collateral estoppel applies in bankruptcy courts only if the prior court "has made specific, subordinate, factual findings on the identical dischargeability

---

[7] The second and third elements of collateral estoppel are undisputed.  Mr. Burkhart was a party to the 2020 Lawsuit, *see, e.g.*, [Doc. 13-1 at 7, 35–37, 65], and the State Court's entry of summary judgment and award of attorney's fees in Ms. Burkhart's favor constitute a final judgment on the merits, *see* [*id.* at 7, 65]; *Lipin v. Wisehart Springs Inn, Inc.*, 843 F. App'x 103, 108 (10th Cir. 2021) (summary judgment can be the basis for issue preclusion).

issue in question—that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue—and the facts supporting the court's findings are discernible from that court's record." *In re Dennis*, 25 F.3d 274, 278 (5th Cir. 1994). Under 11 U.S.C. § 523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge. *In re Bloom*, No. 22-1005, 2022 WL 2679049, at *7 (10th Cir. July 12, 2022).[8]

Here, the Court considers whether the findings and conclusions set forth in the 2020 Lawsuit by both the State Court and the Colorado Court of Appeals are sufficient to establish the elements of a "willful and malicious injury" under 11 U.S.C. § 523(a)(6). *In re Landon*, 619 B.R. 727, 735 (Bankr. N.D. Okla. 2020). For an act to be "willful," the debtor must desire to cause the consequences of his act or believe that the consequences are substantially certain to result from it. *In re Moore*, 357 F.3d 1125, 1129 (10th Cir. 2004). In *Kawaauhau v. Geiger*, the Supreme Court held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." 523 U.S. 57, 61 (1998). A "malicious injury" occurs when there is proof that the debtor either intended the resulting injury or intentionally took action that was substantially certain to cause the injury. *In re Moore*, 357 F.3d at 1129. The test for this element is a subjective one—the Court must determine what the debtor knew or intended regarding the

---

[8] A circuit split exists as to "whether this exception to discharge is a unitary standard, i.e., analyzing the 'willful and malicious' standard as a unit, instead of analyzing willful and malicious as separate prongs of a whole." *In re Smith,* 618 B.R. 901, 911 (BAP 10th Cir. 2020). Whether the Tenth Circuit Court of Appeals "applies a unitary or separate standard is unclear." *Id.* This Court follows the weight of authority in concluding that proving a "'willful and malicious injury' under § 523(a)(6) requires proof of two distinct elements— the injury must be both 'willful' *and* 'malicious.'" *Id.* at 912 (collecting cases).

consequences of his actions. *Id.*; *see also In re Englehart*, No. 99-3339, 2000 WL 1275614, at *3 (10th Cir. Sept. 8, 2000) (stating that this exception "turns on the state of mind of the debtor" (citing *Kawaauhau*, 523 U.S. at 62)).

While the Bankruptcy Court appropriately relied upon Ms. Burkhart's unrebutted factual assertions from her Adversary Proceeding Complaint, this Court has also reviewed and taken judicial notice of the underlying dockets of both the State Court and the Colorado Court of Appeals. *Smalls*, 605 F.3d at 768 n.2; *see Burkhart*, 2023 WL 12057228; *see also* [Doc. 19-1 (State Court Summary Judgment Order); Doc. 19-2 (Ms. Burkhart Motion for Attorney's Fees); Doc. 19-3 (Mr. Burkhart's Response to the Motion for Attorney's Fees); Doc. 19-4 (State Court Award of Attorney's Fees); Doc. 19-5 (Appellate Fee Award)]. In granting Ms. Burkhart's request for appellate attorney's fees and costs, the Colorado Court of Appeals found that Mr. Burkhart had asserted below at the State Court level, and pursued on appeal, numerous claims against Ms. Burkhart with "virtually no admissible evidence to support his claims," but had instead relied on "a contorted interpretation" of the Separation Agreement, concluding that (1) Mr. Burkhart "clearly knew or reasonably should have known that his action . . . or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious" under Colo. Rev. Stat. § 13-17-102(6);[9] (2) Mr. Burkhart's appeal lacked substantial justification; and (3) an award of attorney's fees and costs was warranted under § 13-17-102(2) and

---

[9] Colo. Rev. Stat. §13-17-102(6) provides that a pro se party may be assessed attorney's fees if "the party clearly knew or reasonably should have known that the party's action or defense, or any part of the action or defense, was substantially frivolous, substantially groundless, or substantially vexatious."

Colorado Appellate Rule 38(b).  [Doc. 13-1 at 7–8, 66].  The State Court then issued the Appellate Fee Award.  [Doc. 19-5].

The Bankruptcy Court correctly concluded that the findings and conclusions of State Court and the Colorado Court of Appeals in the 2020 Lawsuit satisfied § 523(a)(6). *In re Keaty*, 397 F.3d at 274 (state court's award of sanctions for "*intentionally* pursuing meritless litigation for the purpose of harassment and delay" encompassed the same subjective intent as § 523(a)(6) when the state court concluded that the debtor "knew and must have known" that the claim was meritless); *In re Pasek*, 983 F.2d 1524, 1528 (10th Cir. 1993).  Indeed, Mr. Burkhart appears to concede that the Colorado Court of Appeals found his appeal to be frivolous and vexatious.  [Doc. 13 at 12].  The fact that Mr. Burkhart disagrees with the Colorado Court of Appeals findings does not undercut the Bankruptcy Court's determination that the elements of § 523(a)(6) were met for the purposes of collateral estoppel.

***Full and Fair Opportunity to Litigate.***  Though not entirely clear, Mr. Burkhart appears to challenge whether he had a full and fair opportunity to litigate before the Bankruptcy Court.  Specifically, he contends Ms. Burkhart failed to provide the "legally required judgment roll" and thus, as a result, the Bankruptcy Court could not have determined whether Mr. Burkhart had a full and fair opportunity to litigate the issues below.  [Doc. 13 at 14–15, 24–26].  Appellant relies on *Gouskos v. Griffith*, 122 F. App'x 965 (10th Cir. 2005), for the proposition that Ms. Burkhart failed to provide the "legally required judgment roll."  [Doc. 13 at 24–25].  Respectfully, Mr. Burkhart's arguments are misplaced.

As an initial matter, the operative question is <u>not</u> whether Mr. Burkhart had a full and fair opportunity to litigate the issue of his willful and malicious conduct before the Bankruptcy Court.  Rather, the salient inquiry is whether the Bankruptcy Court properly concluded that Mr. Burkhart had a full and fair opportunity to litigate the issue of the Appellate Fee Award, including his willful and malicious conduct, before the Colorado Court of Appeals.  Colorado courts consider several factors when determining whether a party had a "full and fair opportunity" to litigate an issue.  *In re Toney*, No. 10-01799-SBB, 2011 WL 2560249, at *5 (Bankr. D. Colo. June 27, 2011).   These factors include: "(1) whether the remedies and procedures in the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted; (2) whether the party in the first proceeding had sufficient incentives to vigorously assert or defend his position; and (3) the extent to which the issues are identical."  *Id.*; *see also In re Water Rights of Elk Dance Colo., LLC*, 139 P.3d 660, 669 (Colo. 2006).

Applying this framework, this Court concludes that all these factors weigh in favor of the conclusion that Mr. Burkhart had a full and fair opportunity to litigate the issues below.  In State Court, Mr. Burkhart responded to Ms. Burkhart's motion for summary judgment and motion for attorney's fees and costs.  [Doc. 13 at 10–11].  He then appealed the motion for summary judgment to the Colorado Court of Appeals, but "chose not to appeal" the State Court's order granting attorney's fees and costs.  [*Id.* at 11–12].  An individual's choice not to appeal a judgment, absent other circumstances, does not show that he did not have a full and fair opportunity to litigate.  *In re Maskrid*, No. 17-11419, 2018 WL 2293590, at *6 (Bankr. D. Kan. May 17, 2018) ("[Debtor] chose not to exercise his appeal rights and that choice cannot provide him with relief now.").  Once the Colorado

13

Court Appeals granted Ms. Burkhart's request to award appellate attorney's fees and costs, Mr. Burkhart then petitioned the Colorado Court of Appeals for re-hearing, which it denied. [Doc. 13-1 at 8, 66]. Finally, he petitioned the Colorado Supreme Court for review, and the Colorado Supreme Court denied certiorari. [*Id.*]. Mr. Burkhart's dissatisfaction with the outcome of the 2020 Lawsuit is insufficient to demonstrate that he did not have a full and fair opportunity to litigate the issues. *Sullivan v. DaVita Healthcare Partners, Inc.*, 780 F. App'x 612, 616 (10th Cir. 2019) ("Disagreement with the decision in the prior proceeding does not mean a party was denied a full and fair opportunity to litigate.").

Further, Mr. Burkhart's reliance on *Gouskos* is wholly misplaced. *Gouskos* does not stand for the proposition that any litigant seeking to apply collateral estoppel must provide a court with a judgment roll, i.e., a full record of the prior case. Rather, the *Gouskos* court observed that under Oklahoma law,

> [w]hen a false-arrest defendant desires to use facts from a previous suit prosecuted in a different court system for issue preclusion, Oklahoma law requires the defendant to submit a complete record of the previous case, including *all* the preliminary hearing transcripts, so that the trial court in the false-arrest case can fully review the previous record to determine the "meaning and preclusive force to be accorded [the previous court's] ruling . . . by resort solely to the face of the judgment roll.

122 F. App'x at 974 (quotation omitted and alterations in original). This appeal is neither a false arrest case nor does it arise under Oklahoma law.

Finally, while Mr. Burkhart contends that the Colorado Court of Appeals did not "even read[] the very solid arguments in [his] appeal brief" and that the Fee Award is a "clear violation of his 14th Amendment Due Process rights to at least be given notice and an opportunity to be heard," the only authority to which Mr. Burkhart cites regarding his

due process rights is *In re Sutherland-Minor*, 345 B.R. 348 (Bankr. D. Colo. 2006). [Doc. 13 at 12, 25–26]. The court in *In re Sutherland-Minor* stated that "an individual must have been able to raise the issues that are to be precluded." 345 B.R. at 353. But Mr. Burkhart has not made a showing that he was not able to raise the issue that is precluded here. And there is "nothing in the concept of due process which demands that a defendant be afforded a second opportunity to litigate what [he] has already had a full and fair opportunity to litigate." *Stauffer v. Blair*, No. 13-cv-03256-RM-MJW, 2015 WL 2329129, at *1 (D. Colo. May 13, 2015) (citing *Kremer v. Chem. Contr. Corp.*, 456 U.S. 461, 483, n.24 (1982)), *aff'd*, 613 F. App'x 760 (10th Cir. 2015).

The Bankruptcy Court evaluated both the State Court and Colorado Court of Appeals' findings. And this Court independently concludes based on the record before it that Mr. Burkhart had a "full and fair opportunity" to litigate the matter in the prior proceedings. Based on the analysis contained herein, this Court respectfully concludes that the Bankruptcy Court did not err in applying collateral estoppel and giving the Colorado Court of Appeals decision and the resulting Appellate Fee Award preclusive effect. Therefore, the Court respectfully need not and declines to reach Appellant's arguments regarding the Bankruptcy Court's alternative determination that "[t]o the extent the State Court's findings are insufficient to support a determination Stephen acted willfully and with malicious intent, Bonnie has offered uncontroverted evidence of Stephen's motive and intent, through Stephen's emails." *See* [Doc. 13-1 at 72; Doc. 13 at 9, 13–18]. The Bankruptcy Court's Judgment and Order on Motion for Summary Judgment is respectfully **AFFIRMED**.

**CONCLUSION**

For the reasons set forth herein, **IT IS ORDERED** that the order of the Bankruptcy

Court is respectfully **AFFIRMED**.

DATED:  September 24, 2025                    BY THE COURT:

                                              _____
                                              Nina Y. Wang
                                              United States District Judge

16